UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY LEE PERRY, et al.,

    Plaintiffs,

v.                                          Case No. 8:22-cv-2752-TPB-TGW

MICHAEL RYAN, et al.,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT

This matter is before the Court on the following motions:

"Defendants, Patrick Boland and Momkus LLP's, Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Dismiss for a Failure to State a Claim, or in the Alternative, Motion for More Definite Statement" (Doc. 29);

"Defendant Boykin's Motion to Dismiss for Lack of Personal Jurisdiction and Incorporated Memorandum of Law" (Doc. 30);

"Defendants', Jessica Oefelein and Degrazia & Oefelein, LLC, Motion to Dismiss for Lack of Personal Jurisdiction, Insufficiency of Service of Process, and Lack of Standing, and Incorporated Memorandum of Law" (Doc. 32); and

"Defendants Michael Ryan, Brian Youssi, Steve Yagla, Thomas Herman, Judith Ryan, Janet Jones, H.A. Phillips & Co., and Alpha Property Group, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and Incorporated Memorandum of Law" (Doc. 33).

Plaintiffs Mary Lee Perry f/k/a Mary Lee Wright, minor child W.W., and Gregory Perry filed a response in opposition to the Boland and Momkus motion, but they did not respond to the others and later sought an extension of time to do file responses.

(Docs. 37; 71). No response is necessary. After reviewing the motions, response, court file, and the record, the Court finds as follows:

## Background

This action involves claims brought by three plaintiffs (Mary Lee Perry, her husband Gregory Perry, and her minor son W.W.) against approximately fifteen other persons and entities, including Ms. Perry's father. It includes allegations that Defendants committed numerous and various acts of malfeasance or conspired to commit such acts against Plaintiffs. Due to the rambling nature of the complaint, it is difficult to ascertain exactly which acts and omissions the various Defendants are accused of committing. Suffice to say that it appears that many of the claims are related to a prior civil suit brought in state court in Dekalb County, Illinois that have absolutely nothing to do with the state of Florida.[1] That case was based on a business dispute between Ms. Perry and her father, Defendant Michael Ryan – Perry complained that she was constructively forced out of Defendant H.A. Phillips & Co., which at the time was majority-owned by her parents, and that litigation over her employment contract, severance package, and other related matters ensued in which Perry was represented by Defendant Oefelein of DeGrazia & Oefelein LLC. The other named Defendants appear to be officers and directors of H.A. Phillips & Co. and/or other business entities.

---

[1] Other claims appear to involve conduct outside of the Illinois litigation, including intentional infliction of emotional distress based on Defendants allegedly coercing a third party to oust Plaintiffs from a temporary housing arrangement (although Plaintiffs do not allege the location of the housing arrangement so any connection to Florida is unclear), and interference with parental rights based on alleged calls to Child Protective Services.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court

does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

### *Shotgun Pleading*

As an initial matter, the Court considers *sua sponte* whether the complaint constitutes a shotgun pleading. A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings:

(1) complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2) complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3) complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

(4) complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). A district court must generally permit a plaintiff at least one opportunity to

amend a shotgun complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Plaintiffs' complaint contains counts that reallege all prior claims before it, committing the "mortal sin" described in prong one of *Weiland. See* 792 F.3d at 1322-23. More specifically, counts two through ten incorporate all preceding paragraphs, thereby incorporating all prior claims.[2] This constitutes a shotgun pleading. This defect alone would result in the Court's dismissal of the complaint.

Furthermore, Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff's allegations be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The complaint is none of these things. The complaint must be clear and definitive to allow a defendant to understand the claims against him and to draft a responsive pleading, and so that the Court can recognize the parties' claims and defenses, identify the issues of fact to be litigated, and proceed to a just result. *Davis v. Coca-Cola Bottling Co. Consol*, 516 F.3d 955, 979 (11th Cir. 2008), *abrogated on other grounds,* 556 U.S. 662 (2009).

Plaintiffs' complaint also mixes claims by multiple plaintiffs against multiple defendants. This improper mixing of claims makes it difficult for Defendants to respond appropriately and present defenses, and for the Court to appropriately adjudicate this case. If an amended complaint is filed that names multiple defendants, the claims against each defendant must be set out in separately numbered counts as to each of the different defendants. In the heading of each

---

[2] It appears the count entitled "Claims Under the Racketeering Influenced Corrupt Organization Act 18 USC 1961, Et Seq" contains a scrivener's error in the count number and should be Count X instead of Count IX.

count, Plaintiffs must indicate which plaintiff is bringing that claim, and which defendant the count is against. Within each count, Plaintiffs should assert a single theory of recovery against only that defendant, clearly identifying the acts and omissions they believe that defendant is responsible for committing.

*Personal Jurisdiction*

In their motions, Defendants argue that the case should be dismissed due to lack of personal jurisdiction. When determining whether to exercise personal jurisdiction over a defendant, courts first consider whether jurisdiction is appropriate under the state's applicable long arm statute. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). If so, the court then evaluates whether the exercise of jurisdiction over the defendant would violate the due process clause of the Fourteenth Amendment. *Id.*

The plaintiff bears the initial burden of alleging sufficient facts to make out a prima facie case of personal jurisdiction. *Id.* The defendant may then challenge personal jurisdiction by submitting affidavit evidence. *Id.* However, the burden does not shift back to the plaintiff if the defense affidavits contain only conclusory assertions; instead, the affidavits must contain specific factual declarations. *Id.* at 1351. In this case, Plaintiffs assert the existence of both general and specific jurisdiction.

General Jurisdiction

General jurisdiction exists when a nonresident defendant maintains "continuous and systematic" connections so as to render the defendant "at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 118-19 (2014). Based on

the evidence currently before this Court, general jurisdiction does not exist here. No individual defendant is alleged to be a citizen or resident of Florida, and the uncontroverted affidavits establish that the individual defendants are citizens and residents of other states. No business entity defendant is incorporated in Florida, nor does any entity have its principal place of business in Florida. There is no way for the Court to conclude that any defendant is at home in Florida and therefore subject to general jurisdiction.

### Specific Jurisdiction

Specific jurisdiction arises out of the events or transactions underlying the claims that form the basis of the lawsuit. *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014). In this case, Plaintiffs contend that the Court has specific jurisdiction over the individual Defendants. However, Plaintiffs have only supported this claim with conclusory allegations; Plaintiffs have not pled specific factual allegations to establish a prima facie case for personal jurisdiction as to any named defendant.

Plaintiffs allege that the requirements for jurisdiction are met under subsections 1, 2, 6, and 7 of 48.193(1)(a), *F.S.* However, Plaintiffs do not actually allege facts to support jurisdiction under subsections 1 (carrying on business venture), 6 (causing injury to persons), or 7 (breaching contract). Moreover, Defendants have submitted affidavits reflecting that they have not engaged in these activities, and Plaintiffs have not submitted competing evidence. As such, the only plausible basis for jurisdiction is subsection 2, which allows for jurisdiction over those who commit a tortious act within the state.

Based on the complaint and numerous affidavits submitted, it appears that most Defendants are only connected to Plaintiffs through the Illinois lawsuit. Outside of the Illinois litigation, it appears that Defendants have not had any direct communications or interactions with Plaintiffs, in Florida or elsewhere. More importantly, the complaint does not allege specific factual events or transactions involving Defendants that occurred in Florida. As such, the complaint fails to establish a prima facie case of personal jurisdiction as to Defendants.

Moreover, it does not appear that jurisdiction can be exercised over Defendants consistent with the requirements of due process. "[T]o assert specific personal jurisdiction over a nonresident defendant, due process requires the defendant have 'fair warning' that a particular activity may subject him to the jurisdiction of a foreign sovereign." *Madara v. Hall*, 916 F.2d 1510, 1516 (11th Cir. 1990) (citations omitted). To satisfy this requirement, the defendant must have "purposefully directed" his activities at the forum, and the litigation must have resulted from alleged injuries that "arise out of or relate to" those activities. *Id.* (internal citations omitted). In addition, "the defendant's conduct and connection with the forum must be of a character that he should reasonably anticipate being haled into court there." *Id.* A defendant will not be haled into a jurisdiction due to "random, fortuitous, or attenuated contacts" with the forum, or "because of the unilateral activity of a third person." *Id.* Rather, the exercise of specific jurisdiction is only proper when the defendant's contacts with the forum proximately result from actions that he himself undertook that create a substantial connection with the forum. *Id.*

It appears unlikely that Plaintiffs will be able to establish personal jurisdiction over Defendants. As the Court explained and now emphasizes, a defendant will not be haled into a jurisdiction due to "random, fortuitous, or attenuated contacts" with the forum, or "because of the unilateral activity of a third person." *Madara*, 916 F.2d at 1516. Rather, the exercise of specific jurisdiction is only proper when the defendant's contacts with the forum proximately result from actions that he himself undertook that create a substantial connection with the forum. Plaintiffs do not sufficiently identify actions undertaken by Defendants themselves that created any substantial connection with Florida. In fact, the majority of the allegations of the complaint appears to center around the Illinois lawsuit. In an abundance of caution, and because Plaintiffs are *pro se* litigants, the Court will dismiss the complaint with leave to amend to give them an opportunity to establish personal jurisdiction.

*Other Arguments*

Because the Court is dismissing the complaint as a shotgun pleading, and due to Plaintiffs' failure to establish personal jurisdiction, it does not address Defendants' other arguments concerning service, standing, or the failure to state a claim upon which relief may be granted. These arguments may be raised again, if appropriate, if an amended complaint is filed.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) The motions to dismiss are **GRANTED** to the extent that the Court finds Plaintiffs have not established personal jurisdiction.

(2) The motions are otherwise **DENIED** without prejudice.

(3) The complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

(4) Plaintiffs are directed to file an amended complaint, if they may do so in good faith, to cure the defects identified in this Order on or before March 30, 2023. Failure to file an amended complaint as directed will result in this Order becoming a final judgment. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>8th</u> day of March, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**